I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR P)
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10·22·13

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

OCT 22 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

IVAN VON STAICH,                    )   Case No. CV 13-7625-UA (RNB)
                                    )
                Plaintiff,          )
                                    )   ORDER TO SHOW CAUSE
        vs.                         )
                                    )
DR. PIDO, et al.,                   )
                                    )
                Defendants.         )
                                    )

     On September 27, 2013 (proof of service date), plaintiff submitted for filing to the United States District Court for the Northern District of California a pro se civil rights complaint, along with an application to proceed in forma pauperis without prepayment of the full filing fee. Since it appeared from the face of the Complaint that the acts complained of occurred at plaintiff's current place of incarceration at California Men's Colony-East ("CMC-East") in San Luis Obispo, California, which is located within the Central District of California, the action was transferred to this district.

     Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the full filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

1  or fails to state a claim upon which relief may be granted, unless the prisoner is under
2  imminent danger of serious physical injury." For purposes of this section, the Ninth
3  Circuit has held that the phrase "fails to state a claim on which relief may be granted"
4  parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation;
5  that the word "frivolous" refers to a case that is "of little weight or importance:
6  having no basis in law or fact"; and that the word "malicious" refers to a case "filed
7  with the 'intention or desire to harm another.'" See Andrews v. King, 398 F.3d 1113,
8  1121 (9th Cir. 2005) (as amended). The Ninth Circuit also has held that the prior
9  denial of in forma pauperis status on the basis of frivolity or failure to state a claim
10  constitutes a strike for purposes of § 1915(g). See O'Neal v. Price, 531 F.3d 1146,
11  1153 (9th Cir. 2008).

12       In Andrews, the Ninth Circuit held that the prisoner bears the ultimate burden
13  of persuasion that § 1915(g) does not bar in forma pauperis status for him. See id.
14  Courts in this Circuit have construed Andrews as permitting a district court to raise
15  the issue sua sponte of whether 28 U.S.C. § 1915(g) bars granting a request for leave
16  to proceed in forma pauperis, so long as the Court notifies the prisoner of the earlier
17  dismissals it considers to support a § 1915(g) dismissal (by citing the specific case
18  names, numbers, districts, and dates of dismissal for each civil action it considers a
19  "strike" or "prior occasion") and allows the prisoner an opportunity to be heard on the
20  matter before denying the in forma pauperis request and/or dismissing the action.
21  See, e.g., Fkadu v. San Diego City Police Dep't, 2007 WL 4259151, *2-*3 (S.D. Cal.
22  Dec. 4, 2007); Moore v. Thacker, 2007 WL 2900512, *1 (N.D. Cal. Sept. 28, 2007);
23  Weaver v. Inmates In Cell 218 219, 2007 WL 2462153, *1 (N.D. Cal. Aug. 29, 2007);
24  Hines v. Barra, 2007 WL 2462113, *2 (S.D. Cal. Aug. 28, 2007); Weaver v.
25  Mailroom Staff, 2007 WL 3028411, *1-*2 (E.D. Cal. Oct. 24, 2006); Mims v.
26  Sanchez, 2006 WL 2458711, *1-*2 (E.D. Cal. Aug. 22, 2006), Report and
27  Recommendation Adopted by 2006 WL 2849844 (E.D. Cal. Oct. 04, 2006).
28  //

2

The Court's review of plaintiff's prior prisoner actions reveals that plaintiff has had at least three cases that qualify as strikes for purposes of § 1915(g):

       1.    Von Staich v. Atwood, Central District of California Case No. CV 11-01112-DDP (RNB), which was dismissed in an order filed on July 29, 2011 for failure to state a claim upon which relief may be granted.

       2.    Von Staich v. Atwood, Eastern District of California Case No. CIV S-11-2194-WBS-CKD, which was dismissed in an order filed on May 30, 2012 for failure to state a claim upon which relief may be granted.

       3.    Von Staich v. Armstrong, Central District of California Case No. SACV 13-675-UA (RNB), where plaintiff's request to proceed without prepayment of the full filing fee was denied in an order filed on May 10, 2013 for failure to state a claim upon which relief may be granted.

Accordingly, plaintiff may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (as amended) (holding that the § 1915(g) exception "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). Here, plaintiff has alleged a risk that he will be subjected to "hard labor" at some point in the future as a result of defendants' refusal to renew his work restrictions. He also has alleged that the retaliatory actions of the two named defendants have caused him "mental and physical distress, pain and suffering resulting in mental anguish." These allegations are not sufficient to satisfy plaintiff's burden of making a plausible allegation that he faced imminent danger of serious physical injury at the time of filing.

IT THEREFORE IS ORDERED that, on or before **November 22, 2013**, plaintiff show cause in writing, if any he has, why his application for leave to proceed in forma pauperis should not be denied pursuant to 28 U.S.C. § 1915(g). Plaintiff is forewarned that his failure to file a timely response to this Order to Show Cause will be deemed by the Court as consent to the denial of his application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

DATED: _____10/21/13_____

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

4