O

Unassigned 194

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Ivan Von Staich | ) | Case No. CV 13-07625 UA (RNB) |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S MOTION TO RECUSE MAGISTRATE JUDGE BLOCK** |
| v. | ) | [Dkt. Nos. 11, 14] |
| California Men's Colony-East Medical Doctors, et al., | ) | |
| Defendants. | ) | |

This matter comes before the court on Plaintiff Ivan von Staich's Motion to Recuse Magistrate Judge Block. Having reviewed Defendant's submissions, the court DENIES the motion and adopts the following order.

**I.   Background**

In 2012, this court accepted Magistrate Judge Block's recommendation and report denying Plaintiff's petition for relief brought pursuant to 28 U.S.C. § 2254 in case number SACV 12-01050-DDP (RNB). (Mot., Ex. B.)  Plaintiff appealed that decision, and the Ninth Circuit Court of Appeals declined to allow the appeal to proceed.  (SACV 12-01050-DDP (RNB) Dkt. No. 40.)

1    Petitioner later filed this 42 U.S.C. § 1983 civil rights

2  action, which was ultimately transferred to Magistrate Judge Block.

3  Plaintiff now seeks to recuse Magistrate Judge Block for

4  "deliberate bias" under 28 U.S.C. Sections 144 and 455(a).  (Mot.

5  at 1.)  Plaintiff asserts that Magistrate Judge Block's "previous

6  decision . . . shows he favors state prosecutors . . . ."  (Mot. at

7  8.)

8  **II.  Discussion**

9    A judge "shall disqualify himself in any proceeding in which

10 his impartiality might reasonably be questioned" and in proceedings

11 in which "he has a personal bias or prejudice concerning a party,

12 or personal knowledge of disputed evidentiary facts concerning the

13 proceeding."  28 U.S.C. § 455(a),(b)(1).  "The test for personal

14 bias or prejudice in section 144 is identical to that in section

15 455(b)(1) . . . ."  United States v. Sibla, 624 F.2d 864, 867 (9th

16 Cir. 1980).  "Consequently, a motion properly brought pursuant to

17 section 144 will raise a question concerning recusal under section

18 455(b)(1) as well as section 144."  Id.  The Ninth Circuit has

19 articulated the standard for disqualification under § 455 as

20 follows:

21    The test under § 455(a) is whether a reasonable person with
   knowledge of all the facts would conclude that the judge's
22    impartiality might reasonably be questioned.  Typically, a
   judge's partiality must be shown to be based on information
23    from extrajudicial sources, although sometimes, albeit
   rarely, predispositions developed during the course of a
24    trial will suffice.  In the instance where the partiality
   develops during the course of the proceedings, it can be the
25    basis of recusal only when the judge displays a deep-seated
   and unequivocal antagonism that would render fair judgment
26    impossible.

27

28

1  F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d

2  1128, 1144-45 (9th Cir. 2001) (internal quotations and citations

3  omitted).

4       Here, Plaintiff has not established that Magistrate Judge

5  Block's impartiality could reasonably be called into question.

6  Though Plaintiff clearly disagrees with Magistrate Judge Block's

7  prior conclusions regarding Plaintiff's petition for a writ of

8  habeas corpus, Plaintiff has not established that Magistrate Judge

9  Block received any extrajudicial information or bears a

10 "deep-seated and unequivocal antagonism" toward Perry "that would

11 render fair judgment impossible" in this action.  F.J. Hanshaw

12 Enters., 244 F.3d at 1144-45.

13 **III.  Conclusion**

14       For the reasons state above, Plaintiff's Motion to Recuse is

15 DENIED.

16

17

18

19 IT IS SO ORDERED.

20

21 Dated: November 14, 2013

                                          DEAN D. PREGERSON
                                          United States District Judge

22

23

24

25

26

27

28

3